United States District Court
Southern District of Texas
**ENTERED**
February 22, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **JAMES K. CHAMBERS** | § | |
| Plaintiff, | § | |
| VS. | § | MISC ACTION NO. 7:15-MC-0137 |
| J. NABAREZ *et al.*, | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff, James K. Chambers, filed a motion to proceed *in forma pauperis* ("IFP") and a complaint alleging a violation of his civil rights under 42 U.S.C. §1983. (Dkt. No. 1). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

On January 9, 2019, the undersigned ordered Plaintiff to pay his full filing fee within 30 days of receipt of the order. (Dkt. No. 28 at 3). Plaintiff was advised that failure to pay the filing fee may result in dismissal of this action. (*Id.*). As of the date of this Report and Recommendation, Plaintiff has not paid his filing fee.

After careful review of the record and relevant law, the undersigned recommends that Plaintiff's § 1983 action (Dkt. No. 1) be **DISMISSED** without prejudice for want of prosecution. It is further recommended that this case be closed.

**I.     BACKGROUND AND APPLICABLE LAW**

Plaintiff proceeds *pro se*. At the time Plaintiff filed his complaint, he was in the custody of the Texas Department of Criminal Justice. (Dkt. No. 1 at 1). Plaintiff has since been released,

as indicated by his March 18, 2016 letter to the Court providing an updated address. (Dkt. No. 27). As explained in the Court's previous order, Plaintiff's release from prison meant that he was no longer eligible to pay as a prisoner would, with installment payments withdrawn from his inmate trust account. (Dkt. No. 28). The full filing fee would have to be paid before his case may proceed. *See* 28 U.S.C. §1915(b)(1); *Mendiola v. Cameron Cty. Dist., Attorney's Office*, No. CV B-16-7, 2016 WL 7852527 (S.D. Tex. Dec. 6, 2016), *report and recommendation adopted*, No. CV B-16-007, 2017 WL 238905 (S.D. Tex. Jan. 18, 2017).

Under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses the authority to dismiss an action for failure to prosecute. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see* Fed. R. Civ. P. 41(b) (discussing involuntary dismissal of actions). This authority is derived from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*, 370 U.S. at 629-31.

The undersigned finds that Plaintiff's action should be dismissed without prejudice for the following reasons. Plaintiff last communicated with Court on March 18, 2016, providing an address after his release from prison. (Dkt. No. 27). The Court's previous order, advising Plaintiff that he must pay the full filing fee within 30 days, was issued on January 9, 2019 and was sent by certified mail to Plaintiff. (Dkt. No. 28; Dkt. Data Entry, dated Jan. 9, 2019). The United States Postal Service tracking function reports that the certified letter was delivered at 11:30 a.m., on January 16, 2019.[1]

As of the date of this Report and Recommendation, Plaintiff has not paid his filing fee. Plaintiff's failure to comply with the Court's order and failure to pay the filing fee provides an

---

[1] *See* https://tools.usps.com/go/TrackConfirmAction!input.action. (Tracking No. 7018-0680-0000-0876-8603).

adequate basis for dismissal without prejudice. *See, e.g., Larson v. Scott*, 157 F.3d 1030, 1031-31 (5th Cir. 1998) (affirming dismissal without prejudice of prisoner's action for want of prosecution).

**II.  CONCLUSION**

### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned recommends that Plaintiff's § 1983 action be **DISMISSED** without prejudice for want of prosecution. It is further recommended that the case be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within 14 days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this report to the parties by any receipted means.

SIGNED this 21st day of February, 2019, at McAllen, Texas.

J. SCOTT HACKER
United States Magistrate Judge